## OKLAHOMA GAS & ELECTRIC CO. v. BATES EXPANDED STEEL TRUSS CO.

(District Court, D. Delaware. February 17, 1926.)

No. 3.

**1. Pleading ⊜⇒1.**

Rules of pleading are but juridical instrumentalities to further justice, by reducing controversy to precise issues of law or fact.

**2. Pleading ⊜⇒26.**

Good pleading must allege facts sufficient in law to avail pleader and with due regard to form.

**3. Pleading ⊜⇒64(1).**

Rule against duplicity is directed to form, not substance, of pleading.

**4. Pleading ⊜⇒1—Common-law pleading adaptable to exigencies by courts, particularly in matters of form.**

System of common-law pleading, being mainly only a codification of principles established by judicial decision, is peculiarly adaptable by courts, particularly in matters of form, to exigencies of every age.

**5. Courts ⊜⇒347.**

Under Rev. St. § 914 (Comp. St. § 1537), District Court for Delaware, in passing on pleadings, must be guided by laws of Delaware.

**6. Pleading ⊜⇒1—Forms of common-law pleading in Delaware should not be blindly adhered to under changed conditions, dominant principle being conciseness, brevity, and plainness (Rev. Code Del. 1915, §§ 4164, 4165, 4420).**

In view of Rev. Code Del. 1915, §§ 4164, 4165, 4420, forms of common-law pleading prevailing in such state should not be blindly and unnecessarily adhered to under changed conditions, but dominant principle respecting form should be conciseness, brevity, and plainness.

**7. Pleading ⊜⇒64(2)—Counts alleging breach of separate contracts for sale of same kind of articles under like conditions will not be held bad for duplicity, especially where defendant would not be prejudiced.**

Counts of declaration, alleging separate and distinct breach of four separate contracts for sale by defendant to plaintiff, under like conditions, of additional quantities of same kind of articles, for same use, will not be held bad on demurrer for duplicity, particularly where defendant would not be prejudiced.

Action in case by the Oklahoma Gas & Electric Company against the Bates Expanded Steel Truss Company. On demurrer to declaration. Demurrer overruled.

See, also, 296 F. 281.

Robert H. Richards, of Wilmington, Del., for plaintiff.

Wm. S. Hilles, of Wilmington, Del., for defendant.

MORRIS, District Judge. To the first and second counts of the amended declaration filed by Oklahoma Gas & Electric Company in its action in case brought against Bates Expanded Steel Truss Company, the defendant has demurred specially on the ground of duplicity. As I understand those counts, each is duplicitous. That pleadings must not be double is a common-law rule of remote antiquity. If that rule is absolute and peremptory; if, regardless of the facts pleaded, it is the dominant criterion of a pleading challenged for duplicity by special demurrer —the conclusion that the counts are duplicitous is determinative of the judgment here to be entered. If, however, the forms of common-law pleading have not become rigid and unadaptable to changing conditions; if the rule against duplicity is not to be applied blindly and mechanically, without regard to other canons of pleading, or to the facts constituting the causes of action; if the force to be given to that rule in a particular case is a matter for judicial determination—the facts pleaded must be further examined.

[1] Stephen, in his book on Pleading, tells us, at pages 2 and 123, that the manner of allegation in the English courts was first methodically formed and cultivated as a science in the reign of Edward I; that none of the rules of statement seem to have been originally of legislative enactment, or to have had any authority, except usage or judicial regulation; and that the common-law system of pleading "has been gradually molded into its present form by the wisdom of succeeding ages." The rules of pleading are but juridical instrumentalities for the furtherance of justice. See Rex v. Phillips, 1 Burr. pt. IV, 301. Their object is to reduce the controversy to certain precise issues of law, or fact, on which, as containing the pretensions or claims of the parties, the opinion of the court or the verdict of the jury may be taken, and a judgment had in accordance with the principles of justice. Polk, Assignee, etc., v. Bull's Adm'r, 1 Harr. (Del.) 433, 436n; State, to Use of Godwin, v. Collins et al., 1 Harr. (Del.) 216.

[2, 3] To all good pleading there are, of course, two indispensable requisites—that the facts alleged be sufficient in law to avail the party who pleads them, and that such facts be pleaded with due regard to form. The rule against duplicity is directed to the form, and not to the substance, of the pleading. Even under the early common law, duplicity was regarded as a defect of such slight significance that certain modes of practice developed by which the effect of the rule pertaining thereto was materially qualified and evaded. These consisted of the use of several counts, and the allowance of several pleas; the former being grounded on ancient practice, the latter on the Statute of 4 Ann., c. 16. Perry on Common-law Pleading, p. 313. Again, prior to the Statute of 27 Eliz. c. 4, a party was at liberty to take advantage on general demurrer of every objection, save one, to a pleading. The sole exception was the informality of duplicity. Chitty on Pleading, p. *663; 3 Salk. 122. In no other instance was a special demurrer required. Chitty on Pleading, p. *663; 11 East, 565.

[4] Moreover, it has been said that the rules of pleading requiring adherence to established forms are but rules of caution. Bouv. Dic. "Pleadings." But, be that as it may, the system of common-law pleading, being in the main only a codification of principles established by judicial decision, is peculiarly adaptable by the courts themselves, particularly in matters of form, to the exigencies of every age. See Flynn v. Staples, 34 App. D. C. 92, 27 L. R. A. (N. S.) 792; 21 R. C. L. 437.

[5, 6] Nor do the laws of Delaware, to which, under the conformity statute (R. S. 914 [Comp. St. § 1537]), I must turn, at least for general guidance, tend to place matters of pure form in pleading upon any higher plane than that occupied by them at common law. Section 4420 of the Revised Code of Delaware provides: "Upon a demurrer, the court shall not consider any defects not specially alleged, if, upon the whole matter appearing, judgment can be given according to the merits of the case." Section 4164 empowers the judges of the Superior Court to make rules touching pleadings. Section 4165 reads thus: "Such rules shall be so framed as to promote and require conciseness, brevity and plainness in pleading, without regarding form, further than it is necessary, or conducive to these objects."

I fail to find in Delaware, or elsewhere, any rule or decision of any court to the effect that every special demurrer challenging a

duplicitous pleading on the ground of duplicity must be sustained. On the contrary, the Delaware statute, section 4165, discloses a general intent that the common-law system of pleading prevailing in this state should not be made rigid and thus destroyed by blind and unnecessary adherence to the forms of pleading established under a simplicity of social conditions and human relationships that no longer exists, but that the dominant principle with respect to form should here be the broad, elastic, flexible, and adaptable one of "conciseness, brevity, and plainness."

[7] While in each of the counts here demurred to there is alleged the separate and distinct breach of four separate contracts made between the plaintiff and the defendant, yet as set up in the counts in question each succeeding contract was for the sale by the defendant to the plaintiff, under like conditions, of additional quantities of the same kinds of articles, for the same use as those which constituted the subject-matter of the first contract. The challenged counts cover 40 large typewritten pages. Were the plaintiff required to confine each count of its declaration to the breach of only one of these contracts, the length of the declaration would be increased several fold. Such a result would violate the common-law rule against prolixity, as well as the local rule making "conciseness, brevity, and plainness" in pleading the dominant principle in matters of form.

Consequently, and as it does not now appear that the defendant would be at all prejudiced by its being so ordered, the demurrer must be overruled.